IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03275-REB-KLM

BIG CATS OF SERENITY SPRINGS, INC., doing business as Serenity Springs Wildlife Center,
NICK SCULAC,
JULIE WALKER, and
JULES INVESTMENT, INC.,

    Plaintiffs,

v.

THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture,
CINDY RHODES,
TRACY THOMPSON, and
OTHER UNNAMED USDA EMPLOYEES,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Thomas J. Vilsack's **Motion to Reset the Scheduling Conference and for Extension of Time to File a Responsive Pleading** [#16][1] (the "Motion"). In the Motion, Defendant Vilsack requests a 21-day extension of the deadline for Defendants[2] to respond to the First Amended Complaint [#15]. Defendant Vilsack's counsel states in the Motion that the other Defendants, employees of the United

---

    [1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

    [2] Initially, Defendant Vilsack states that he seeks only extension of his deadline to respond to the First Amended Complaint [#15]. *Motion* [#16] at 1. However, after Defendant Vilsack's counsel makes clear that he does not represent Defendants Rhodes or Thompson, the Motion concludes by requesting "that the deadline for all defendants to respond to the amended complaint be extended for 21 days from April 11, 2014 to May 1, 2014." *Id*. at 3. Because the Court has already extended all Defendants' deadlines to respond to the Complaint, *see Minute Order* [#14] at 1, while Defendants Rhodes and Thompson await a determination from the Department of Justice, the Court grants the Motion as to all Defendants.

States Department of Agriculture, are currently in the process of determining if the United States Attorney's Office can represent them and he expects a decision from the Department of Justice by May 1, 2014. *Motion* [#16] at 2. Defendant Vilsack's counsel further states that if the Department of Justice approves representation of the other Defendants, he will likely be appointed to represent them. *Id.* Accordingly, Defendant Vilsack requests the 21-day extension so that, if representation of the other Defendants is approved, all Defendants will have the same deadline to respond to the First Amended Complaint [#15]. *Id.* at 3. Defendant Vilsack also asks the Court to vacate and reset the April 29, 2014 Scheduling Conference because the other Defendants are not expected to have counsel by that date and "they should not go without representation at the Rule 26(f) conference or at the [S]cheduling [C]onference, lest they be prejudiced." *Id.*

On April 11, 2014, Plaintiffs filed a Response [#18][3] in which they argue that the Motion should be denied because Plaintiff has not shown good cause as required by Fed. R. Civ. P. 6(b)(1)(A), D.C.COLO.LCivR 6.1, and Judge Blackburn's Practice Standards. *Response* [#18] at 2. Plaintiffs further argue that Defendant Vilsack has already been given one extension in this case and should not be allowed a total of more than 140 days to respond to the operative complaint. *Id.* at 3-4.

The Court finds Defendant Vilsack's stated reasons for the requested extension and rescheduling to constitute good cause in this case. The Court agrees that it is through no fault of their own that Defendants Rhodes and Thompson do not yet have counsel and that they should not have to appear at the Scheduling Conference without counsel simply because the Department of Justice has not yet reached a decision regarding their representation. While the Court is mindful of Plaintiffs' desire to move forward quickly, the Court will not force Defendants Rhodes and Thompson to appear at the Scheduling Conference without counsel when a decision regarding their representation is imminent. The Court further finds that extension of all Defendants' deadlines to respond to the First Amended Complaint [#15] to May 1, 2014, the date when Defendant Vilsack's counsel expects to know if he will represent all Defendants, is logical and efficient.

In the Motion, Defendant Vilsack's counsel states that if he is selected to represent Defendants Rhodes and Thompson he will "need time to meet with the represented individuals as their attorney[ ] to investigate the claims and prepare responsive pleadings." *Id.* at 2-3. In addition, he states that if those Defendants must find separate counsel, "they will need time in which to obtain private counsel to represent them." *Id.* at 3. While the issue is not before the Court at this time, the Court notes in response to these anticipatory statements in the Motion that the Court will not look favorably on any motions seeking additional lengthy extensions of any Defendant's deadline to respond to the First Amended

---

[3] The title of the Response [#18] refers to a motion previously filed by Defendant Vilsack [#11] which has already been granted by the Court [#14], but the substance of the Response makes clear that it responds to the Motion [#18]. *See Response* [#18] at 1 (noting that Plaintiffs oppose the motion filed on April 8, 2014 by Defendant Vilsack).

Complaint.  While an extension may be needed depending on the circumstances, at some point this case must move forward.

      IT IS HEREBY **ORDERED** that the Motion [#16] is **GRANTED**.

      IT IS FURTHER **ORDERED** that all Defendants shall respond to the First Amended Complaint [#15] on or before **May 1, 2014**.

      IT IS FURTHER **ORDERED** that the Scheduling Conference set for April 29, 2014 at 9:30 a.m. is **VACATED** and **RESET** to **June 27, 2014 at 9:30 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

      IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures.  The parties shall submit the proposed scheduling order no later than **June 20, 2014**.

      Dated:  April 15, 2014