**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03275-REB-KLM

BIG CATS OF SERENITY SPRINGS, INC., doing business as Serenity Springs Wildlife Center,
NICK SCULAC,
JULIE WALKER, and
JULES INVESTMENT, INC.,

    Plaintiffs,

v.

THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture,
CINDY RHODES,
TRACY THOMPSON, and
OTHER UNNAMED USDA EMPLOYEES,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#40],[1] filed January 5, 2015; and (2) defendants' corresponding **Objections to the Recommendation of U.S. Magistrate Judge** [#41], filed January 20, 2015. I overrule the objections, adopt the recommendation, and deny the apposite motion to dismiss in all but the single particular suggested by the magistrate judge.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the

---

[1] "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation, the objections, and the applicable caselaw.  The recommendation is exhaustively detailed and cogently reasoned.  So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to the motion that any further exegesis on my part would constitute little more than a festooned reiteration of her excellent work.

Like the arguments of their motion, defendants' objections generally attempt to characterize plaintiffs' claims regarding defendants' conduct of the search of their premises as challenges to the inspection report generated as a result thereof.  Plaintiffs' claims are not so described or delimited, however, and it is their allegations that control in resolving the present motion.  The magistrate judge has explained and explored the relevant distinction between a challenge to the statute itself – which implicates the framework of **New York v. Burger**, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) – and a challenge to an officer's conduct under the statute – which does not. I find her analysis persuasive.  Moreover, I concur with her conclusion that a **Bivens** remedy is cognizable on the facts alleged here, as well as her recommendation that plaintiffs may assert, as an alternative theory, a violation of section 1983 premised on the federal officials alleged enlistment of state law enforcement officers in their attempt to forcibly enter plaintiffs' premises without a warrant.[2]

---

[2]  Noting that the Tenth Circuit has not yet addressed whether a viable cause of action may arise under section 1983 where federal officials (as opposed to private parties) allegedly enlist the assistance of state officials to violate constitutional rights, the magistrate judge found the California district court's unpublished decision in **Reynoso v. City and County of San Francisco**, 2012 WL 646232 (N.D. Cal Feb. 28, 2012) persuasive.  I note that the legal principle on which the **Reynoso** court relied was not *sui juris*, but traces back at least as far as the Second Circuit's decision in **Kletschka v. Driver**, 411 F.3d 436 (2nd Cir. 1969).  In **Kletschka**, the court concluded that such a result was a logical extension of the principle that holds federal actors liable under section 1983 where they act jointly with private parties:

Thus, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#40], filed January 5, 2015 is approved and adopted as an order of this court;

2. That the objections stated in defendants' **Objections to the Recommendation of U.S. Magistrate Judge** [#41], filed January 20, 2015, are overruled;

3. That **Defendants' Motion To Dismiss** [#23], filed April 21, 2014, is granted in part and denied in part, as follows:

>    a. That the motion is granted insofar as it seeks dismissal of the declaratory judgment claims to the extent they are asserted by the non-licensee plaintiffs, who lack standing to pursue such claims, and those

---

> We can see no reason why a joint conspiracy between federal and state officials should not carry the same consequences under § 1983 as does joint action by state officials and private persons. It was the evident purpose of § 1983 to provide a remedy when federal rights have been violated through the use or misuse of a power derived from a State. When the violation is the joint product of the exercise of a State power and of a non-State power then the test under the Fourteenth Amendment and § 1983 is whether the state or its officials played a 'significant' role in the result.

*Id.* at 448-49 (internal citation omitted).  This same principle also has been relied on by the United States Courts of Appeals for the Third, Fifth, Eighth, and Ninth Circuits as well district courts in the Sixth and First Circuits.  **See Gibson v. United States**, 781 F.2d 1334, 1343 (9th Cir. 1986), **cert. denied**, 107 S.Ct. 928 (1987); **Premachandra v. Mitts**, 753 F.2d 635, 641 (8th Cir. 1985); **Krynicky v. University of Pittsburgh**, 742 F.2d 94, 99 (3rd Cir. 1984), **cert. denied**, 105 S.Ct. 2018 (1985); **Knights of Ku Klux Klan, Realm of Louisiana v. East Baton Rouge Parish School Board**, 735 F.2d 895, 900 n.7 (5th Cir. 1984); **Bergman v. United States**, 551 F.Supp. 407, 412 (W.D. Mich. 1982)***; Richardson v. Virgin Islands Housing Authority***, 1982 WL 704983 at *4 n.5 (D. Virgin Islands Feb. 23, 1981).

>       claims are dismissed with prejudice; and
>
>    b. That in all other respects, the motion is denied; and

4. That at the time judgment enters, judgment with prejudice shall enter on behalf of defendants against plaintiffs Nick Sculac, Julie Walker, and Jules Investment, Inc., as to the Third and Fourth Claims for Relief asserted in the **Complaint for Damages, Declaratory Judgment, and Other Relief** [#1], filed December 4, 2013.

Dated March 25, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge