IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03275-REB-KLM

BIG CATS OF SERENITY SPRINGS, INC., doing business as Serenity Springs Wildlife Center,
NICK SCULAC,
JULIE WALKER, and
JULES INVESTMENT, INC.,

    Plaintiffs,

v.

THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture,
CINDY RHODES,
TRACY THOMPSON, and
OTHER UNNAMED USDA EMPLOYEES,

    Defendants.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Unopposed Motion for Leave to File Second Amended Complaint** [#47][1] (the "Motion"). The Motion was referred to the undersigned for a recommendation regarding disposition [#48].[2] Through the proposed

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). In this case the proposed Second Amended Complaint removes all claims asserted by Plaintiff Julie Walker. Thus, the Court assumes that the issue is dispositive and requires a recommendation.

1

amendments Plaintiffs seek to clarify factual issues and eliminate Plaintiff Julie Walker because "Plaintiffs realized that Julie Walker arguably lacks standing to bring the claims asserted" in this lawsuit. *Motion* [#47] at 4.

Plaintiffs also seek relief from the Court's March 25, 2015 Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge [#46] (the "March Order"). In the Motion, Plaintiffs state that one of the factual clarifications they wish to make by amending the First Amended Complaint is to correct a factual inaccuracy. *Motion* [#47] at 3. Specifically,

> Both the Recommendation and [March] Order dismissing the declaratory judgment claims with respect to Mr. Sculac, Julie Walker, and Jules Investment, Inc. were based on the understanding that only Big Cats was the USDA license holder and therefore the only plaintiff that could maintain the declaratory judgment actions.
>
> [ ] In actuality, however, Plaintiff Nick Sculac is the USDA license holder, not Big Cats. Plaintiffs inadvertently misidentified Big Cats as the license holder in the Complaint and First Amended Complaint and now seek to rectify this error.

*Id.* Plaintiffs argue that pursuant to Fed. R. Civ. P. 60(a), 60(b)(1), and/or 60(b)(5), the Court should grant relief from the March Order to the extent it states that "at the time judgment enters, judgment with prejudice shall enter on behalf of defendants against plaintiff[ ] Nick Sculac . . . ." *March Order [*#46] at 4. The Court agrees that such relief is appropriate in this circumstance, *see* Fed. R. Civ. P. 60(b); *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) ("The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.") (citation omitted); *Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1385 (10th Cir.1981) ("Rule 60(b) gives the court a grand reservoir of equitable power to

do justice in a particular case. That rule should be liberally construed when substantial justice will thus be served.") (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc)), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982), but also notes that because the proposed Second Amended Complaint makes clear that only Plaintiff Nick Sculac, not Plaintiff Big Cats of Serenity Springs, Inc. ("Big Cats"), holds a valid USDA license, Plaintiff Big Cats should be substituted for Plaintiff Nick Sculac in the portion of the March Order quoted above.

Accordingly, for the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#47] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff Big Cats be substituted for Plaintiff Sculac in the March Order to the extent it states that "at the time judgment enters, judgment with prejudice shall enter on behalf of defendants against plaintiff[ ] Nick Sculac . . . ." *March Order [*#46] at 4.

IT IS HEREBY **ORDERED** that the stay entered by the Court on May 27, 2014 is **LIFTED**. Accordingly,

IT IS FURTHER **ORDERED** that a Scheduling Conference is **SET** on **May 26, 2015** at **9:30 a.m.** in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The

parties shall submit the proposed scheduling order no later than **May 19, 2015**.

Dated:  April 7, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge